UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CASE VENTURES, LLC,<br><br>　　　　　Defendant. | Case No.  5:19-cv-02876-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 28 |

Plaintiff Scott Johnson ("Plaintiff") sued Defendant Case Ventures, LLC ("Defendant") alleging violations of Americans with Disabilities Act of 1990 ("ADA") and the California Unruh Civil Rights Act. *See* Complaint for Damages and Injunctive Relief ("Compl.") ¶¶ 24–37, Dkt. 1. Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant requests that this Court dismiss Plaintiff's action as moot. Having considered the Parties' papers, the Court **GRANTS** Defendant's motion to dismiss.[1]

**I.    BACKGROUND**

　　**A.  Factual Background**

On May 24, 2019, Plaintiff, a level C-5 quadriplegic, filed a lawsuit against Defendant, who owns the real property located at 15585 Monterey Road, Morgan Hill, California where it operates a general orthopedic practice ("the Property"). Compl. ¶¶ 1–4. Plaintiff alleges that he went to the Property on three occasions (twice in January 2019 and once in March 2019) and that during these visits Defendant failed to provide accessible (1) parking and (2) paths of travel

---

[1] Pursuant to N.D. Cal. Civ. L.R. 7-1(b) and General Order 72-5, this Court found this motion suitable for consideration without oral argument.  Dkt. 31.
Case No.: 5:19-cv-02876-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
1

leading to and into the office building. *Id.* ¶¶ 12, 15. Plaintiff alleges these barriers continue to exist and that they deter him from returning to the Property. *Id.* ¶¶ 13, 16, 22.

On September 19, 2019 the parties conducted a joint site inspection pursuant to General Order 56. Declaration of Christopher J. Olson ("Olson Decl.") ¶ 6, Dkt. 28-1. Defendant contends that it has remedied the barriers to access and has obtained a certification from Bassam Altwal, a California Certified Access Specialist, to that effect. *Id.* ¶ 8; Declaration of Bassam Altwal ("Altwal Decl."), Dkt. 30-1.

### B. Procedural History

On April 2, 2020, Defendant filed a motion to dismiss Plaintiff's action for lack of subject-matter jurisdiction. *See* Defendant's Notice of Motion and Motion to Dismiss Plaintiff's Complaint ("Mot."), Dkt. 28. Plaintiff filed his opposition on April 21, 2020. Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opp."), Dkt. 29.[2] On April 24, 2020, Defendant filed its reply. Defendant's Reply ("Reply"), Dkt. 30.

## II.   LEGAL STANDARD

To contest a plaintiff's showing of subject-matter jurisdiction, a defendant may file a Rule 12(b)(1) motion. Fed. R. Civ. P. 12(b)(1). A defendant may either challenge jurisdiction "facially" by arguing the complaint "on its face" lacks jurisdiction or "factually" by presenting extrinsic evidence (affidavits, etc.) demonstrating the lack of jurisdiction on the facts of the case. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

"In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. 2005). The court may not consider evidence outside the pleadings when deciding a facial attack. *See, e.g., MVP Asset Mgmt. (USA) LLC v. Vestbirk*, 2011 WL 1457424, at *1 (E.D. Cal. Apr. 14, 2011).

---

[2] The Court recognizes that Plaintiff's Opposition was filed late. However, because the Court is granting Defendant's Motion and because the Court must evaluate mootness independently, the Court still uses Plaintiff's Opposition to guide its analysis.

Case No.: 5:19-cv-02876-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
2

1    In contrast, in resolving a factual attack, the district court may review evidence beyond the complaint without converting the motion to dismiss into one for summary judgment. *Safe Air*, 373 F.3d at 1039. No presumptive truthfulness attaches to the plaintiff's allegations and the existence of disputed material facts will not preclude the trial court from evaluating the merits of jurisdictional claims. *Gregory Vill. Partners, L.P. v. Chevron, U.S.A., Inc.*, 805 F. Supp. 2d 888, 895 (N.D. Cal. 2011). Further, once the defendant presents extrinsic evidence, the plaintiff must establish jurisdiction with evidence from other sources. *Id.*; *see also Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

When the jurisdictional issue is intertwined with the merits, a court must "apply the summary judgment standard in deciding the motion to dismiss." *Johnson v. Cal. Welding Supply Inc.*, 2011 WL 5118599, at *3 (E.D. Cal. Oct. 27, 2011). The court may not resolve any genuinely disputed material facts. *Safe Air*, 373 F.3d at 1039 (explaining that because jurisdictional and substantive issues were intertwined, the district court should have treated the motion to dismiss for lack of jurisdiction as a motion for summary judgment).

Plaintiff's substantive claims and this Court's jurisdiction are both premised on the ADA. Thus, the issues of jurisdiction and substance are intertwined. *See Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1126 (S.D. Cal. 2005). The court will thus apply the summary judgment standard to Defendant's motion to dismiss for lack of jurisdiction.

**III.   DISCUSSION**

    **A. ADA Claims**

Under the ADA, plaintiffs may only seek injunctive relief and attorney's fees. *See* 42 U.S.C. § 12188(a)(1); *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401–02 (1968). Once a defendant has remedied all ADA violations complained of by a plaintiff, the plaintiff's claims become moot and he or she loses standing,[3] which means the court no longer has subject-matter

---

[3] This assumes the plaintiff had standing in the first case (which is in dispute here).

jurisdiction over the ADA claim. *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130–31 (C.D. Cal. 2005). Of course, "[a] defendant claiming that its voluntary compliance moots a case bears a formidable burden." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 170 (2000).

Defendant relies on Mr. Altwal's report (its accessibility specialist) to show that the Property is now compliant with all disability laws. Defendant further contends that because the Property is now ADA compliant, Plaintiff can no longer obtain injunctive relief and has thus lost his standing to bring his ADA claims. Mot. at 3–4.

The initial report from Mr. Altwal is too conclusory to support a finding that Defendant is ADA-compliant. Exhibit C ("Altwal Report"), Dkt. 28-1. While the report determined that the alleged barriers were corrected and that the Property is ADA-compliant, the report failed to describe Mr. Altwal's examination or provide factual support for Mr. Altwal's claims. *See Kalani v. Starbucks Corp.*, 81 F. Supp. 3d 876, 882–83 (N.D. Cal. 2015), *aff'd sub nom. Kalani v. Starbucks Coffee Co.*, 698 F. App'x 883 (9th Cir. 2017) ("Conclusory opinions that the 'facility is free of non-compliant issues,' or that particular features, *e.g.*, the accessible parking or point of sale, 'comply with all applicable access requirements,'" are "an insufficient basis on which to grant summary judgment.").

Plaintiff objected to Mr. Altwal's report on the above grounds. *See* Opp. 5–6. In response, Defendant provided a detailed supplemental declaration from Mr. Altwal with their Reply. *See* Declaration of Bassam Altwal ("Altwal Decl."), Dkt. No. 30-1. In the supplemental declaration and accompanying exhibits, Mr. Altwal describes the features of the barriers that he examined, the measurements he took, how he took them, and the applicable ADA and Unruh Act standards. *See generally id.*

For example, Mr. Altwal's report states after inspecting "the cross-slopes and running-slopes of the accessible parking space and accessible access aisle, [and] the accessible path of travel from the accessible parking space to the facility entrance," he determined the parking space and the path of travel are compliant with the 2010 ADA Standards for Accessible Design and the 2013 California Building Code. Altwal Decl. ¶ 12. Previously, the accessible path of travel had a

slope that was greater than 5%.  This made it noncompliant.  *Id.* ¶ 9.  The slope was cured by installing a handrail along the accessible route.  *See* Exhibit B, Dkt. 30-1.  Mr. Altwal also noted that the parking spaces without wheel stops left the accessible path of travel susceptible to encroachment by overhanging vehicles.  *See* Altwal Decl. ¶ 11.  He confirmed that wheel stops were installed to remedy that problem.  *Id.* ¶ 12.  The additional factual detail and support included in this supplemental declaration suffices to support a finding that the alleged barriers are no longer present at the Property.  *See Johnson v. Montpelier One LLC*, 2020 WL 3504458, at *7–8 (N.D. Cal. June 28, 2020).

Plaintiff has not—despite having the opportunity to do so—rebutted or objected to the supplemental Altwal Declaration.  Accordingly, the Court may consider Mr. Altwal's supplemental declaration and use it to conclude that (1) Defendant has remedied the alleged barriers and (2) that no genuine dispute remains as to the issue of remediation.  *See Getz v. Boeing Co.*, 654 F.3d 852, 868 (9th Cir. 2011) (finding no error in the district court's reliance on new evidence submitted in reply paper where the party failed to object).  Because Defendant has made structural changes to its property to remedy the alleged violations, it is "absolutely clear that the allegedly wrongful behavior [can] not reasonably be expected to recur."  *Friends of the Earth*, 528 U.S. at 170.  Plaintiff's ADA claims are thus moot and the Court dismisses the action for lack of jurisdiction.  Defendant's motion to dismiss Plaintiff's ADA claims is **GRANTED.**

### B. Unruh Act Claim

The Court must now decide what to do with Plaintiff's Unruh Act claim.  This count remains live "[b]ecause a claim for damages under the Unruh Act looks to past harm."  *Arroyo v. Aldabashi*, 2018 WL 4961637, at *5 (N.D. Cal. Oct. 15, 2018).  The Court can only retain this claim if it exercises supplemental jurisdiction over it.  *See* 28 U.S.C. § 1367(a).  Supplemental jurisdiction is discretionary.  *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997), *supplemented by* 121 F.3d 714 (9th Cir. 1997).  Defendant asks the Court to decline to exercise jurisdiction over the Unruh Act claim.  Mot. 5.

Case No.: 5:19-cv-02876-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
5

Courts "may"—and often do—"decline to exercise supplemental jurisdiction" if, as here, it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also, e.g., Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 911 (9th Cir. 2011); *Yates v. Delano Partners, LLC*, 2012 WL 4944269, at *2 (N.D. Cal. Oct. 17, 2012); *R.K. v. Hayward Unified Sch. Dist.*, 2008 WL 1847221, at *2 (N.D. Cal. Apr. 23, 2008). As the Supreme Court and Ninth Circuit have "often repeated," "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri*, 114 F.3d at 1001 (alterations omitted) (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

This is the usual case. First, the Court has not considered the merits of Plaintiff's Unruh Act claim, and so there is no judicial economy interest in retaining the case. Second, Plaintiff has not articulated any significant inconvenience that he would face in refiling in state court. The Court thus declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.

## IV.     CONCLUSION

For the above reasons, pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court **GRANTS** Defendant's motion to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

Dated: August 17, 2020

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-02876-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
6